**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NORMAN WAITE,<br><br>        Plaintiff,<br><br>v.<br><br>EAN HOLDINGS, LLC; ENTERPRISE HOLDINGS, INC. and SNORAC, LLC,<br><br>        Defendants. | **Memorandum of Law in Support of Rule 12(b)(6) Partial Motion to Dismiss**<br><br>Civil Action No.<br>5:21-cv-538 (TJM/TWD) |

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ ii

Introduction ..................................................................................................................................... 1

Facts ................................................................................................................................................ 1

Standard of Review ........................................................................................................................ 3

Argument ........................................................................................................................................ 3

    I.   Plaintiff's Warranty/Strict Liability Claims Must Be Dismissed Because The Enterprise Defendants Did Not Manufacture, Distribute or Sell the Rental Vehicle. .. 3

    II.  Plaintiff's Warranty/Strict Liability Claims Must Be Dismissed Because the Rental Agreement Was "As Is" and Expressly Excluded Any Warranties. ............................. 6

    III. The Court Should Dismiss the Warranty/Strict Liability Claims With Prejudice Because Leave to Amend Would Be Futile. .................................................................. 7

Conclusion ...................................................................................................................................... 8

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants EAN Holdings, LLC, Enterprise Holdings, Inc. and SNORAC, LLC (together, the "Enterprise Defendants") move to dismiss counts two and three of the complaint for failure to state a claim. The claims – titled "Breach of Implied Warranty/Strict Products Liability" and "Breach of Express Warranty/Strict Products Liability" – fail to state a claim for two reasons. First, on the facts alleged in the complaint, only a manufacturer, distributor or seller of a used defective product may be held strictly liable for its sale. The complaint does not allege that the Enterprise Defendants manufactured, distributed or sold the used rental vehicle involved in the accident at issue in this case. And, it is undisputed that the Enterprise Defendants did not do so. Second, the rental documents expressly lease the used vehicle "as is" and exclude all warranties, whether express or implied. Thus, plaintiff's claims are premised on alleged breach of warranties that do not exist. Because the deficiencies in the claims cannot be remedied through amendment of the complaint, the Court should dismiss them with prejudice.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges as follows in his complaint. On April 19, 2018, plaintiff was involved in a single-vehicle automobile accident. (Compl. ¶ 51.) Police investigated and completed an accident report that concluded plaintiff drove off the shoulder of the road. (*Id.*; *see also* **Exhibit A**, a copy of the police report referenced in the complaint.)[1] Plaintiff was not wearing his safety

---

[1] Because plaintiff alleged the police report in his complaint, the Court may consider the contents of the police report in deciding this Rule 12(b)(6) motion. *See, e.g.*, *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.").

belt and was thrown into the backseat of the vehicle, suffering head and neck injuries. (**Ex. A** at 2.) The vehicle at issue was used at the time of the accident. (*See* **Exhibit B**, a copy of the lease documents with terms and conditions referenced in the complaint). Though the police report does not identify any mechanical issues with the used vehicle, plaintiff alleges that the vehicle's driver's side lug nuts and wheel began to detach before he drove the vehicle off the shoulder of the road. (*Compare* **Ex. A**, *with* Compl. ¶ 51.)

Plaintiff's wife rented the vehicle from the Enterprise rental branch at the Syracuse airport. (Compl. ¶ 32.) A written agreement governed the rental. (*Id.* ¶ 33; *see also* **Exhibit B** and **Exhibit C**.)[2] The rental agreement states that the used vehicle was leased "as is" and excludes all express or implied warranties, including implied warranties of merchantability or fitness for a particular purpose:

> 2. **Ownership/Vehicle Condition/Warranty Exclusion.** Renter acknowledges that Vehicle and any Optional Accessories is, by ownership, beneficial interest or lease, property of Owner or its affiliate, even if owned, registered or titled to a third party. Renter is not an agent of Owner and has no authority to bind Owner. Renter agrees Renter received Vehicle and any Optional Accessories in good physical and mechanical condition. RENTER IS TAKING POSSESSION OF VEHICLE AND ANY OPTIONAL ACCESSORIES "AS IS" AND HAS HAD AN ADEQUATE OPPORTUNITY TO INSPECT VEHICLE AND ANY OPTIONAL ACCESSORIES AND THEIR OPERATION. OWNER EXCLUDES ALL WARRANTIES, BOTH EXPRESS AND IMPLIED, WITH RESPECT TO THE VEHICLE AND ANY OPTIONAL ACCESSORIES, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. Renter agrees not to alter or tamper with Vehicle or any Optional Accessories. If Renter or AAD(s) determines Vehicle or any Optional Accessories is unsafe, Renter or AAD(s) shall stop operating Vehicle and any Optional Accessories and notify Owner immediately.

(**Ex. B** at 5 (emphasis added).) Plaintiff alleges that each of the Enterprise Defendants owned, leased, operated, managed, controlled, serviced, repaired, maintained and inspected the rental vehicle. (Compl. ¶¶ 5-31.) Plaintiff does not, however, allege that the Enterprise Defendants manufactured, distributed or sold the rental vehicle. (*See id.*). Nor can plaintiff *plausibly* allege

---

[2] Because plaintiff alleges the rental agreement in his complaint, the court may consider the contents of the rental documents in deciding this Rule 12(b)(6) motion. *DiFolco*, 622 F.3d at 111; *cf. Amato v. Subaru of Am., Inc.*, No. CV 18-16118, 2019 WL 6607148, at *7 (D.N.J. Dec. 5, 2019) (considering contents of warranty disclaimer in deciding Rule 12(b)(6) motion).

that EAN Holdings, LLC or Enterprise Holdings, Inc. leased the vehicle at all as such an allegation is expressly refuted by the written lease documents alleged in paragraph 33 of the complaint.  (*see* **Exhibit B**.)

Based on these allegations, plaintiff asserts claims for (1) negligence (*id.* ¶¶ 50-68); (2) breach of implied warranty/strict products liability (*id.* ¶¶ 69-79) and (3) breach of express warranty/strict products liability (*id.* ¶¶ 80-88).  Plaintiff filed his complaint in the Supreme Court for Onondaga County on April 16, 2021.  The Enterprise Defendants timely removed to this Court on May 10, 2021.  (ECF No. 1.)

## STANDARD OF REVIEW

To survive a challenge under Rule 12(b)(6), "a complaint must plead enough facts to state a claim to relief that is plausible on its face, and that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Costabile v. New York City Health & Hosps. Corp.*, 951 F.3d 77, 80–81 (2d Cir. 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 81 (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).  "Dismissal is appropriate when it is clear from the face of the complaint . . . that the plaintiff's claims are barred as a matter of law." *Biocad JSC v. F. Hoffmann-La Roche*, 942 F.3d 88, 93 (2d Cir. 2019) (quoting *Parkcentral Glob. Hub Ltd. v. Porsche Auto. Holdings SE*, 763 F.3d 198, 208-09 (2d Cir. 2014)).

## ARGUMENT

**I.     Plaintiff's Warranty/Strict Liability Claims Must Be Dismissed Because The Enterprise Defendants Did Not Manufacture, Distribute or Sell the Rental Vehicle.**

Plaintiff asks the Court to hold the Enterprise Defendants strictly liable for the alleged condition of the used rental vehicle – absent any showing of fault – based on theories of strict

liability and breach of warranty.[3]  His claims fail because only a manufacturer, distributer or seller of a defective used product can properly be held strictly liable.  Plaintiff fails to allege – and cannot plausibly allege – that the Enterprise Defendants manufactured, distributed or sold the used rental vehicle.  As such, the complaint fails to state a claim.

Under New York law, a manufacturer, wholesaler, distributor, or retailer of a defective product can be held strictly liable for selling a product in a defective condition:

> In strict products liability, a manufacturer, wholesaler, distributor, or retailer who sells a product in a defective condition is liable for injury which results from the use of the product regardless of privity, foreseeability, or the exercise of due care. . . . Liability, however, may not be imposed upon a party that is outside the manufacturing, selling, or distribution chain.

*Tyminskyy v. Sand Man Building Materials, Inc.*, 168 A.D.3d 1118, 1119 (N.Y. Sup. Ct. 2019). However, a party who did not manufacture, distribute or sell the product may not be held liable, as numerous decisions of New York courts establish.  *See Ito v. Marvin Windows of New York, Inc.*, 54 A.D.3d 1002, 1003 (N.Y. App. Div. 2008) ("Liability may not be imposed for breach of warranty upon a party that is outside the manufacturing, selling, or distribution chain."); *Spallholtz v. Hampton C.F. Corp.*, 294 A.D.2d 424, 424 (N.Y. App. Div. 2002) ("It is well settled that liability may not be imposed for breach of warranty or strict products liability upon a party that is outside the manufacturing, selling, or distribution chain." (internal quotation marks omitted)); *see also Philadelphia Indemnity Ins. Co. v. Amazon.com, Inc.*, 425 F.Supp.3d 158 (E.D.N.Y. 2019) ("Plaintiff seems to have overlooked the more critical threshold inquiry of whether Amazon can even be placed in that category of sellers such that it can be held strictly liable.").

Here, the complaint includes threadbare recitals and conclusory statements that each of the Enterprise Defendants owned, leased, operated, managed, controlled, serviced, repaired,

---

[3] The Enterprise Defendants are not seeking dismissal of Plaintiff's negligence claim at this time.

-4-

maintained and inspected the rental vehicle. (Compl. ¶¶ 5-31.) However, the complaint does not allege that the Enterprise Defendants manufactured, distributed or sold the rental vehicle. (*See id.*) As plaintiff has failed to allege critical elements requirements of his claims, the Court should dismiss them.

Importantly, the sole relationship between plaintiff and any of the Enterprise Defendants is the written lease documents between SNORAC (not EAN Holdings, LLC or Enterprise Holdings, Inc.) and plaintiff's wife. (Compl. ¶ 32.) The lease documents make clear that plaintiff's wife leased a used vehicle from SNORAC. (**Ex. B** at 2.) While under New York law, generally, a strict liability claim can be asserted against a commercial lessor, the New York Court of Appeals has not extended such claims to used products. *See Stiles v. Batavia Atomic Horseshoes, Inc.*, 81 N.Y.2d 950, 951 (N.Y. 1993) (declining to answer certified question "whether the doctrine of strict products liability applies to regular sellers of used goods"); *see also Hauerstock v. Barclay Street Realty LLC*, No. 154743/2014, 2017 WL 3438146, at *23 (N.Y. Sup. Ct. Aug. 10, 2017) ("On three occasions the Court of Appeals has confronted the question of whether or not to apply strict product liability to a seller of 'used goods', and the Court of Appeals has consistently declined to extend the doctrine of strict products liability to commercial sellers of 'used goods.'").[4] Where,

---

[4] While the Court of Appeals decisions referred to by the *Hauerstock* court also involved the status of the defendant as a "casual" or "occasional" seller, the Court of Appeals declined on each occasion to express any decision on whether the regular seller of used goods could be held strictly liable. *See Jaramillo v. Weyerhaeuser Co.*, 12 N.Y.3d 181, 193 (N.Y. 2009) ("While there may be some imaginable future case in which the facts justify imposition of strict products liability on a seller of used goods, this case is not—just as *Sukljian* and *Stiles* were not—that case."). The New York Court of Appeals' refusal to impose strict liability for distributors of used goods is in line with other jurisdictions, which hold that the policy justifications supporting strict liability for new products simply does not extend to used products. *See Peterson v. Idaho First Nat. Bank*, 791 P.2d 1303, 1306 (Idaho 1990) ("We therefore conclude that the policy considerations underlying the doctrine of strict liability do not justify imposing that doctrine as a common law rule on commercial sellers of used goods."); *Tillman v. Vance Equip. Co.*, 596 P.2d 1299, 1304 (Or. 1979) ("[W]e have concluded that the relevant policy considerations do not justify imposing strict

as here, the vehicle in question was used, *coupled with plaintiff's clear and unambiguous contractual waiver of all warranties* (*see infra* Section II), a claim for strict liability does not lie on the facts alleged in the complaint.

### II. Plaintiff's Warranty/Strict Liability Claims Must Be Dismissed Because the Rental Agreement Was "As Is" and Expressly Excluded Any Warranties.

Plaintiff's breach of warranty/strict liability claims also fail because the rental agreement excludes any warranties, whether express or implied. As such, there are no warranties for plaintiff to base his breach of warranty claims on. Though New York law provides that express and implied warranties may apply to a lease of goods, *see* N.Y. UCC §§ 2-A-210, 212 & 213, it also provides that warranties may be excluded by expressions like "as is" or other language that indicates warranties are being excluded by the parties, *id.* § 2-316. When such language is present in an agreement, courts properly dismiss breach of warranty claims. *See, e.g.*, *Mollins v. Nissan Motor Co., Ltd.*, 14 Misc.3d 1226(A), at *5-6 (N.Y. Sup. Ct. 2007) (dismissing breach of express and implied warranty claims where the agreement excluded such warranties).

The rental agreement here expressly excludes any express or implied warranties, including the implied warranties of merchantability or fitness for a particular purpose. (*See* **Ex. B** at 5.) Applying New York law, a federal court in North Carolina threw out warranty claims based on near-identical language. The court reasoned,

> This language satisfies all the applicable requirements for an effective warranty exclusion under the New York Uniform Commercial Code. The exclusions were in

---

liability for defective products on dealers in used goods, at least in the absence of some representation of quality beyond the sale itself or of a special position vis-a-vis the original manufacturer or others in the chain of original distribution."); *Allenberg v. Bentley Hedges Travel Serv., Inc.*, 22 P.3d 223 (Okla. 2001) ("[T]he majority of courts have either expressly or implicitly . . . concluded that the doctrine of strict liability should not be extended to commercial sellers of used goods, at least when the alleged defects were not created by the seller, and/or the product was sold in essentially the same condition as when it was acquired for resale."); *Wynia v. Richard-Ewing Equip. Co.*, 17 F.3d 1084 (8th Cir. 1994).

> writing and conspicuous (being in all capital letters) and mention merchantability. Additionally, the exclusion features the prominent statement that renter is renting the applicable vehicle "as is." Accordingly, Enterprise expressly disclaimed all warranties, including the implied warranty of merchantability and the implied warranty of fitness for a particular purpose.

*Wilson v. ELRAC, Inc.*, No. 5:12–CV–660, 2013 WL 5592882, at *7 (E.D.N.C. Oct. 10, 2013) (granting summary judgment on warranty claims).

The Court should reach the same result here. Numerous decisions of New York courts clearly establish that a breach of warranty claim may not be maintained if the governing agreement excludes such warranties. *See Brennan v. Shapiro*, 12 A.D.3d 547, 548 (N.Y. App. Div. 2004) (affirming grant of summary judgment because "as is" language in sale contract excluded any implied warranties); *Western Intermodal Services, Ltd. v. Singamas Container Ind. Co., Ltd.*, No. 98 Civ. 8275, 2000 WL 343780, at *2 (S.D.N.Y. Mar. 31, 2000) (excluding evidence related to oral promise where contract expressly disclaimed all express and implied warranties); *Gale v. Kessler*, 93 A.D.2d 744, 744 (N.Y. App. Div. 1983) ("The lease agreement with Manhattan Leasing specifically excludes any express or implied warranties, either of merchantability or fitness for use, explicitly providing that the vehicle was leased "AS IS". The use of such limiting language amounts to an exclusion of all implied warranties."); *see also Mollins*, 14 Misc.3d at *5-6.

Plaintiff cannot premise claims on warranties that do not exist. Since the agreement governing plaintiff's rental vehicle excluded any and all warranties, plaintiff's claims are barred and should be dismissed. *See Biocad JSC*, 942 F.3d at 93.

### III. The Court Should Dismiss the Warranty/Strict Liability Claims With Prejudice Because Leave to Amend Would Be Futile.

The Court should dismiss plaintiff's breach of warranty/strict liability claims with prejudice because the deficiencies identified in this motion cannot be remedied and, as a result,

leave to amend would be futile. *See, e.g.*, *Phaneuf v. Tenneco, Inc.*, 938 F.Supp. 112, 116 (N.D.N.Y. 1996) (denying leave to amend where "the court notes that the motion to amend would be futile in this case"). Plaintiff cannot plausibly allege that the Enterprise Defendants manufactured, distributed or sold the used rental vehicle, or that they should be strictly liable for alleged defects in the used vehicle. Nor can he allege facts that would give rise to a warranty claim since the rental agreement excluded all warranties. As such, leave to amend would be futile and dismissal with prejudice is warranted.

## CONCLUSION

WHEREFORE, Enterprise respectfully requests that the Court enter an order dismissing plaintiff's warranty/strict liability claims (claims two and three) with prejudice.

This 17th Day of May, 2021                                   Respectfully submitted,

      /s/ J. Douglas Baldridge
J. Douglas Baldridge
N.D.N.Y. Bar No. 702707
New York Bar No. JB8385
VENABLE LLP
600 Massachusetts Ave. N.W.
Washington D.C. 20001
Tel:  (202) 344-4703
Fax:  (202) 344-8300
Email:  jbaldridge@venable.com

*Attorney for Defendants EAN Holdings, LLC; Enterprise Holdings, Inc.; and SNORAC, LLC*