**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NORMAN WAITE,**

                        **Plaintiff,**

v.                                                      5:21-cv-538

**EAN HOLDINGS, LLC; ENTERPRISE**
**HOLDINGS, INC.; and SNORAC, LLC,**

                        **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION and ORDER

**I. INTRODUCTION**

Plaintiff Norman Waite commenced this action in the Supreme Court of the State of New York, Onondaga County, and the action was removed to this Court. *See* Dkt. No. 1.[1] The Complaint alleges that Plaintiff was injured while operating a rented motor vehicle. *See generally*, Compl., Dkt. No. 2. The Complaint asserts claims for (1) negligence, *id*. ¶¶ 50-68 (First Cause of Action); (2) breach of implied warranty/strict products liability, *id*. ¶¶ 69-79 (Second Cause of Action); and (3) breach of express warranty/strict products liability, *id*. ¶¶ 80-88 (Third Cause of Action).

Defendants EAN Holdings, LLC, Enterprise Holdings, Inc., and SNORAC, LLC

---

[1] The basis for removal and this Court's original jurisdiction derives from 28 U.S.C. §1332 as the matter in controversy purportedly exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* Dkt. No. 1; 28 U.S.C. § 1441.

1

move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Second and Third Causes of Action for failure to state a claim. *See* Dkt. No. 4. Plaintiff opposes the motion, Dkt. No. 6, and Defendants file a reply. Dkt. No. 9.

## II.     STANDARD OF REVIEW

To survive a challenge under Rule 12(b)(6), "a complaint must plead enough facts to state a claim to relief that is plausible on its face, and that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Costabile v. New York City Health & Hosps. Corp.*, 951 F.3d 77, 80–81 (2d Cir. 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 81 (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). "Dismissal is appropriate when it is clear from the face of the complaint . . . that the plaintiff's claims are barred as a matter of law." *Biocad JSC v. F. Hoffmann-La Roche*, 942 F.3d 88, 93 (2d Cir. 2019) (quoting *Parkcentral Glob. Hub Ltd. v. Porsche Auto. Holdings SE*, 763 F.3d 198, 208-09 (2d Cir. 2014)).

## III.    BACKGROUND

Plaintiff alleges as follows in his complaint. On April 19, 2018, Plaintiff's wife rented a 2018 Nissan Versa vehicle from the Enterprise rental branch at the Syracuse airport for Plaintiff. Compl. ¶ 32. The vehicle was rented by Defendants to Plaintiff through a written contract or agreement. *Id.* ¶ 33. "By the fact of leasing the 2018 Nissan Versa, to Plaintiff, Defendants represented to Plaintiff, expressly and/or impliedly, that the 2018 Nissan Versa was and would remain in proper working order, good condition, fit for its intended use, and safe to operate on all roadways for the duration of the lease." *Id.* ¶ 34. Plaintiff

relied upon the representations, both express and/or implied. *Id*. ¶ 35. On April 19, 2018, while plaintiff was operating the Nissan Versa, "the front driver's side lug nuts and wheel began to detach from the vehicle causing plaintiff to lose control of the vehicle and, according to the police accident report, drove off the south shoulder of the roadway, became airborne, impacted the ground, rolled over and came to rest upright facing in a southeasterly direction." *Id*. ¶ 51. Plaintiff alleges that as a result of Defendants' negligent acts and omissions in inspecting and maintaining the vehicle, Plaintiff suffered severe permeant personal injuries including but not limited to cervical spine fracture resulting in quadriplegia, severe injuries to his nerves and nervous system, mental and physical anguish and pain, and confinement to hospitals and rehab centers which will continue in the future. *See id.* ¶¶ 52-68.

Plaintiff also contends that an implied warranty existed at the time Defendants leased the 2018 Nissan Versa to Plaintiff that the leased vehicle was reasonably fit for the purposes for which it was rented, and that it would not fail mechanically for the duration of the rental period. *Id*. ¶¶ 70-71. Plaintiff asserts that he did not and would not have been able to discover, through the exercise of ordinary care, the specific defects in the 2018 Nissan, including the fact that the lug nuts on the tire were loose and the tire and lug nuts could detach from the vehicle. *Id*. ¶ 75. He contends that the defective condition of the 2018 Nissan Versa constituted a breach of any and all implied and other warranties, and that as a result of the various breaches of warranty, Defendants are strictly liable to Plaintiff for all resulting damages. *Id*. ¶¶ 76, 78.

Plaintiff also contends that Defendants entered into a contract/written agreement with Plaintiff and Plaintiff's wife for the rental of the 2018 Nissan Versa to Plaintiff. *Id*. ¶ 81.

He asserts that Defendants affirmed, promised and/or warrantied to Plaintiff, at the time of the aforesaid rental, orally and/or in writing, that the 2018 Nissan vehicle was in good working condition and fit for its intended use. *Id*. ¶ 82.  He further asserts that the warranty was a part of the basis of the bargain for which Plaintiff rented the 2018 Nissan Versa from Defendants. *Id*. ¶ 83.  He contends that Defendants breached the above-described express warranties by leasing the 2018 Nissan Versa to Plaintiff in a damaged/defective condition, with respect to the lug nuts and front driver's side tire of the vehicle, and that Defendants, by their conduct, breached New York statutory express warranties as provided in UCC 2-214, UCC 2-315 and UCC 2-318. *Id*. ¶¶ 84-85.  He contends that Defendants' breach of their express warranty was a substantial factor in causing the above-referenced accident of April 19, 2018 and causing Plaintiff the above-described damages, and that therefore Defendants are strictly liable to Plaintiff for all damages resulting from the April 19, 2018 accident. *Id*. ¶¶ 86-87.

**IV.    DISCUSSION**

### a. Strict Liability for Commercial Lessors

Defendants first argue that Plaintiff's claims based on theories of strict liability and breach of warranty fail because only a manufacturer, distributer or seller of a defective used product can properly be held strictly liable, and Plaintiff has not alleged that the Defendants manufactured, distributed or sold the used rental vehicle.  Defendants also assert that "[w]hile under New York law, generally, a strict liability claim can be asserted against a commercial lessor, the New York Court of Appeals has not extended such claims to used products." Dkt. No. 4-1, at 5 (citing *Stiles v. Batavia Atomic Horseshoes, Inc.*, 81 N.Y.2d 950, 951 (N.Y. 1993) (declining to answer certified question "whether the

4

doctrine of strict products liability applies to regular sellers of used goods"); *Hauerstock v. Barclay Street Realty LLC*, No. 154743/2014, 2017 WL 3438146, at *23 (N.Y. Sup. Ct. Aug. 10, 2017) ("On three occasions the Court of Appeals has confronted the question of whether or not to apply strict product liability to a seller of 'used goods', and the Court of Appeals has consistently declined to extend the doctrine of strict products liability to commercial sellers of 'used goods.'")). However, Plaintiff has cited cases from New York courts, including from the Appellate Division of the New York State Supreme Court, standing for the proposition that a commercial lessor who introduces a defective product into the marketplace is subject to the same potential liability as the manufacturer, distributor or retailer of defective product. *See* Dkt. No. 6, at 6 (citing, *inter alia*, *Winckel v. Atl. Rentals & Sales*, 159 A.D.2d 124, 557 N.Y.S.2d 951, 954 (App. Div. 2nd Dept. 1990);[2] *Wengenroth v. Formula Equip. Leasing, Inc.*, 11 A.D.3d 677, 784 N.Y.S.2d 123 (App. Div. 2nd Dept. 2004) ("As the lessor of the vehicle, [Defendant] can be held [strictly] liable regardless of the fact that it did not manufacture either part of the vehicle")).

"As a federal court applying state law, we are generally obliged to follow the state law decisions of state intermediate appellate courts ... in the absence of any contrary New

---

[2]In *Winckel* the Court stated:

Our precedents establish the rule that a lessor of chattel is "under an obligation to ascertain that the chattel was reasonably fit for the intended use". In other words, under the common law as it has evolved in this State, a lessor of a chattel will be held to have made an implied warranty that the chattel in question is fit to be used as intended.

The rule in New York, therefore, has developed that a commercial lessor of a product will be held strictly liable for personal injuries, just as would a product manufacturer, even in the absence of privity, at least where the product lease in question was "made by an individual in the business of leasing a particular product." This court has recognized that some leases, i.e., those made by an individual in the business of leasing the particular product, could give rise to a cause of action sounding in strict products liability.

159 A.D.2d at 127-129, 557 N.Y.S.2d at 954 (internal citations omitted).

5

York authority or other persuasive data establishing that the highest court of the state would decide otherwise." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 199-200 (2d Cir. 2005)(quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940) and *Pentech Int'l, Inc. v. Wall St. Clearing Co.*, 983 F.2d 441, 445 (2d Cir.1993)(internal quotes and brackets omitted)). The possibility that the New York State Court of Appeals might decide that under circumstances alleged in this case there is no strict products liability does not amount to "contrary New York authority or other persuasive data establishing that the highest court of the state would decide" the issue in Plaintiff's favor. Furthermore, Defendants' attempts in its reply to distinguish Plaintiff's case authorities revolve around the factual underpinnings of those case as compared to this case. For instance, Defendants argue that "[i]n *Winckel*, an attendee at an antiques show was injured when a chair collapsed. . . . There was no allegation that the attendee signed an agreement with the chair's lessor excluding warranties, as Waite did here." Dkt. No. 9 at 4. The assertion that Plaintiff signed an agreement with the lessor that excluded warranties is an issue, as addressed below, that cannot be resolved on this motion. Accordingly, Defendants' motion in this regard is denied.

### b. Agreement Excluding Warranties

Next, Defendants argue that "Plaintiff's breach of warranty/strict liability claims also fail because the rental agreement excludes any warranties, whether express or implied. As such, there are no warranties for plaintiff to base his breach of warranty claims on." Dkt. No. 4-1 at 6. Defendants maintain that "[b]ecause plaintiff alleges the rental agreement in his complaint, the court may consider the contents of the rental documents in deciding this Rule 12(b)(6) motion." *Id.* at 2, n. 2 (citing, *inter alai, DiFolco v. MSNBC Cable*

6

*L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.")).

Plaintiff maintains in the first instance that the rental agreement should not be considered "at this level, as the rental agreement was not attached to, or incorporated in, Plaintiff's Complaint," and that Defendants' reliance on *DiFolco* is misplaced.  Dkt. No. 6, at 10, n. 4.   Plaintiff also argues, *inter alia*, that the Warranty Disclaimer in the rental agreement was not conspicuous and therefore should be deemed unenforceable.  *Id.* at 10-11.

In *DiFolco*, the Second Circuit wrote:

> In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. [*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002))]; *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir.1999). Where a document is not incorporated by reference, the court may never[the]less consider it where the complaint "relies heavily upon its terms and effect," thereby rendering the document "integral" to the complaint. *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir.2006) (quoting *Chambers*, 282 F.3d at 152–53). However, "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir.2006). "It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *Id.*

622 F.3d at 111.

"To be incorporated by reference, the complaint must make a clear, definite and substantial reference to the documents." *BankUnited, N.A. v. Merritt Env't Consulting Corp.*, 360 F. Supp. 3d 172, 183 (S.D.N.Y. 2018)(interior quotation marks and citations

7

omitted). Here, the Complaint does not make a clear, definite and substantial reference the rental agreement. Although the Complaint asserts that "the Nissan vehicle was rented by Defendants to Plaintiff through a written contract or agreement," Compl. ¶ 33, and that "Defendants entered into a contract/written agreement with Plaintiff and Plaintiff's wife . . . for the rental of the 2018 Nissan Versa to Plaintiff," *id.* ¶ 81, the Complaint does not specifically reference the rental agreement. Further, the claims in the Complaint, for the most part, do not arise from the terms of the "contract/written agreement" that the parties entered into when the vehicle was rented. While the claim asserting Breach of Express Warranty/Strict Products references the "contract/written agreement," the Complaint also asserts that "Defendants affirmed, promised and/or warrantied to Plaintiff, at the time of the aforesaid rental, orally and/or in writing, that the 2018 Nissan vehicle was in good working condition and fit for its intended use." *Id.* ¶ 82. Accepting this allegation was true, Plaintiff could proceed on this claim based on the oral representations made by Defendants, regardless of any representations in the underlying "contract/written agreement." Thus, the Court does not find that the Complaint makes a make a clear, definite and substantial reference the rental agreement.

Furthermore, the rental agreement is not integral to the Complaint. "A document is integral to the complaint where the complaint relies heavily upon its terms and effect." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (alteration in original) (citation and internal quotation marks omitted). For reasons just discussed, the rental agreement is not integral to the claims asserted in the Complaint. And even if it is, Plaintiff raises a question of fact as to whether the Warranty Disclaimer was conspicuous in the rental agreement. Thus, it is not clear that there exist no material disputed issues of fact

8

regarding the relevance of the rental agreement.

Accordingly, Defendants' motion on this ground is denied.

## V.     CONCLUSION

For reasons discussed above, Defendants' motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Second and Third Causes of Action, Dkt. No. 4, is **DENIED.**

**IT IS SO ORDERED.**

Dated: April 1, 2022

Thomas J. McAvoy
Senior, U.S. District Judge